554 So.2d 18 (1989)
ANSTIS ORNSTEIN ASSOCIATES, ARCHITECTS AND PLANNERS, INC., Appellant,
v.
PALM BEACH COUNTY, Florida, a Political Subdivision of the State of Florida, Appellee.
No. 88-3103.
District Court of Appeal of Florida, Fourth District.
December 13, 1989.
Rehearing and Rehearing Denied January 23, 1990.
*19 James E. McDonald and Roderick V. Hannah of McDermott, Will & Emery, Miami, for appellant.
F. Malcolm Cunningham, Jr., and Shawnee S. Lawrence of Cunningham & Cunningham, P.A., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied January 23, 1990.
PER CURIAM.
We reverse the trial court's order, the effect of which was to deny appellant's prayer for injunction of arbitration; and we hold, on remand, that it is the trial court's responsibility, not the arbitrator's, to determine the question of whether the statute of limitations bars arbitration here. See Union County School District No. 1 v. Valley Inland Pacific Constructors, Inc., 59 Or. App. 602, 652 P.2d 349 (1982); Trans-America Ins. Co. v. Lumbermen's Casualty Ins. Co., 77 A.D.2d 5, 432 N.Y.S.2d 269 (1980), rev. denied, 53 N.Y.2d 602, 439 N.Y.S.2d 1026, 421 N.E.2d 853 (1981); Allstate Ins. Co. v. Orlando, 262 Cal. App.2d 858, 69 Cal. Rptr. 702 (1968).
GLICKSTEIN and GARRETT, JJ., concur.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
I believe the trial court was eminently correct in denying the appellant's motion for a stay of arbitration. Legal proceedings between these parties began when the appellee-county filed its claim in court. The appellant-architect filed a motion to dismiss specifically asserting that the county's claim must be arbitrated. The court granted the architect's motion and ordered the parties to arbitrate the claim. Months later, after arbitration proceedings were begun on the claim, the architect shifted gears and filed its own lawsuit asserting that the claim should not be arbitrated because the claim was barred by the statute of limitations, and that the limitations issue must be decided in court. It seems to me that the architect, having successfully claimed its right to arbitration earlier should now be estopped from withdrawing the limitations issue from arbitration.
In addition, I believe the trial court was correct on the merits. The arbitration clause in question is a broad and comprehensive one covering all disputes between the parties. Another clause provided that the claim for arbitration must be filed within a reasonable time, not to exceed the applicable legal limitation period. I see no reason why the arbitrators cannot properly resolve any dispute between the parties as to compliance with this provision. The trial court cited several authorities in its order which have so held. See The Public Health Trust of Dade County v. M.R. Harrison Const. Corp., 415 So.2d 756 (Fla. 3d DCA 1982); County of Durham v. Richards & Assoc., Inc., 742 F.2d 811 (4th Cir.1984); and Louis Dreyfus Corp. v. Cook Indus., Inc., 505 F. Supp. 4 (S.D.N.Y. 1980).