587 So.2d 1169 (1991)
ESTATE OF Harold VERNON, Alan Vernon, Ted Vernon and Melinda Vernon, Appellants,
v.
SHEARSON, LEHMAN BROTHERS, INC., Appellee.
No. 90-3399.
District Court of Appeal of Florida, Fourth District.
October 9, 1991.
Rehearing Denied November 21, 1991.
*1170 Michael A. Hanzman and Paul M. Bunge of Zack, Hanzman & Ponce, P.A., Miami, for appellants.
Stanley A. Beiley and Edward H. Davis, Jr., of Paul, Landy, Beiley & Harper, P.A., Miami, for appellee.
POLEN, Judge.
Harold Vernon, deceased, had an account with Shearson Lehman Brothers (Shearson) in his own name and one in which he was a 50% partner. Shearson claimed that at the time of Mr. Vernon's death there were some unsettled margin debts on the accounts. Shearson then failed to file its claim on Mr. Vernon's estate within the time parameters set out in section 733.702, Florida Statutes (1989), and when the claim was filed Shearson argued that an arbitration clause in the contract with Mr. Vernon precluded the applicability of the statutory time bar.
When the administrators of the estate moved to enjoin arbitration and to strike the administrative claim, the motions were denied and this appeal ensued. We have jurisdiction over this nonfinal matter pursuant to Florida Rule of Appellate Procedure 9.130.
The contracts which Mr. Vernon executed with Shearson in conjunction with his opening of the accounts in question clearly provided for arbitration to be the method of settling any disputes. As Shearson pointed out, the Federal Arbitration Act, 9 U.S.C. §§ 1-14, compels courts to honor such arbitration clauses and we note that Florida law is not to the contrary. Ch. 682, Fla. Stat. (1989). However, there is nothing in the Federal Arbitration Act or cases cited by Shearson which would preclude a state's application of its own probate code. Accordingly, we reverse the trial court's denial of the appellants' motions for the following reasons.
In Anstis Ornstein Associates and Planners, Inc. v. Palm Beach County, 554 So.2d 18 (Fla. 4th DCA 1989), this court held that it is the court's responsibility, and not that of the arbitrators, to decide whether arbitration has been time barred by statute. The appellants relied substantially on Anstis Ornstein below but Shearson convinced the trial court that a state statute of limitations cannot bar arbitration which is compelled under the Federal Arbitration Act, 9 U.S.C. §§ 1-14.
A closer look at the federal authorities cited by Shearson brings us to the conclusion that a state statute of limitations can provide a time bar to an arbitration claim authorized under the Federal Arbitration Act, especially if the claim involves probate matters. The federal courts have generally held that probate matters are reserved to the states and will not be interfered with. Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977); Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946); Rice v. Rice Foundation, 610 F.2d 471 (7th Cir.1979).
The Federal Arbitration Act itself does not preempt the right of the states to regulate their probate claims. The act merely states that courts shall recognize and give effect to a contract which provides for the arbitration of disputes. 9 U.S.C. §§ 1-14. In this sense our own Florida Arbitration Code is not much different. Ch. 682, Fla. Stat. (1989). We hold that just because parties agree to the arbitration of disputes in the execution of a contract, this does not mean that statutes of limitation are without effect. It certainly does not mean that the arbitrators should interpret the applicable statute of limitation to decide whether it applies or not.
The principle that arbitrators are to decide whether to apply statutes of limitation was put forth successfully by Shearson at the trial court. Now that we have reviewed the cases submitted by Shearson we are able to distinguish them easily. Shearson's cases all stood for the proposition that when there is a contractual time bar to *1171 disputes over the contract then the arbitrators are the ones to give such a bar its effect. In such cases the dispute is placed before the arbitration panel and the contract is subject to their interpretation. Government of India v. Cargill, Inc., 867 F.2d 130 (2nd Cir.1989). In Re Mercury Const. Corp., 656 F.2d 933 (4th Cir.1981), aff'd sub nom, Moses H. Cone Memorial Hospital v. Mercury Const. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), County of Durham v. Richards & Associates, 742 F.2d 811 (4th Cir.1984). This is also the case if the participants in arbitration proceedings raise laches as a defense. Prudential Lines, Inc. v. Exxon Corp., 704 F.2d 59 (2nd Cir.1983).
In the cases cited by Shearson the interpretation and application of contractual provisions were at issue as opposed to the situation in the case at bar where the application of a state statute is the cause of controversy. As we decided in Anstis Ornstein, it is the court which should decide whether an arbitration claim has been barred by a statute of limitations. In the case at bar the trial court should have applied the bar from section 733.702, Florida Statutes (1989), and thereby enjoined arbitration. The claim against Mr. Vernon's estate should have been stricken as well as it was untimely.
We reverse the trial court's denial of the appellants' motion to enjoin arbitration and to strike the administrative claim. The case is remanded and the trial judge is instructed to apply the provisions of section 733.702, Florida Statutes (1989), and make a judicial finding as to the timeliness of Shearson's claim, consistent with this opinion.
ANSTEAD and STONE, JJ., concur.