609 So.2d 718 (1992)
John G. MARSCHEL, individually and as Trustee, Appellant,
v.
DEAN WITTER REYNOLDS, INC., Appellee.
No. 92-02112.
District Court of Appeal of Florida, Second District.
December 2, 1992.
*719 George Franjola and Neal J. Blaher of Allen, Dyer, Doppelt, Franjola & Milbrath, P.A., Orlando, for appellant.
Glenn D. Kelley and Randy D. Ellison of Broome, Kelley & Aldrich, P.A., West Palm Beach, for appellee.
PER CURIAM.
In this interlocutory appeal, John G. Marschel, individually and as trustee (Marschel), the appellant, challenges the trial court's order granting the appellee's motion for a temporary injunction staying arbitration proceedings. We reverse.
Dean Witter Reynolds, Inc. (Dean Witter), the appellee, is a securities broker with its principal place of business in New York. Marschel, a Sarasota resident, opened two accounts with Dean Witter in its Sarasota branch office. Marschel executed two account agreements prepared by Dean Witter, which contained the following provisions in Part IV of the agreements:
Arbitration of Controversies. Any controversy between you and me arising out of or relating to this Agreement, or any breach of the Agreement, shall be settled by arbitration in accordance with the rules of the Board of Arbitration of the New York Stock Exchange, the American Arbitration Association or any other industry association. Judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction.
... .
Governing Law. Part I, IA and Part IV of this Agreement and its enforcement shall be governed by the laws of the State of New York, ...
After a dispute arose concerning Dean Witter's investment of Marschel's funds, Marschel, pursuant to the arbitration clause, commenced proceedings with the American Arbitration Association (AAA). The claims against Dean Witter included breach of contract, civil theft, breach of fiduciary duty, negligence, misrepresentation, and violation of federal and state securities laws. Several months after the arbitration proceedings were initiated, Dean Witter filed an action in Sarasota County circuit court seeking a declaratory judgment and a permanent injunction prohibiting Marschel from proceeding with his claims in arbitration. Dean Witter alleged that Marschel's claims were barred by the applicable statute of limitations or repose *720 and that it was the responsibility of the courts, not the arbitrators, to decide whether a claim is time barred.
Dean Witter subsequently filed a motion for temporary injunction alleging that the AAA had refused to stay the arbitration proceedings and requesting the court to enjoin Marschel from proceeding with arbitration until the court had an opportunity to consider Dean Witter's time bar defenses. The trial court granted the temporary injunction finding that Dean Witter was entitled to a prearbitration determination of its statute of limitations or repose defenses. The trial court based its decision on both New York law[1] and Florida law.[2] Marschel filed this timely appeal.
In Victor v. Dean Witter Reynolds, Inc., 606 So.2d 681 (Fla. 5th DCA 1992), the Fifth District recently decided the exact issue presented in this case regarding whether the arbitrators or the court should decide time bar defenses where the agreement contains a broad arbitration clause and a choice of law provision designating New York law. The Fifth District concluded that the arbitrators should decide the statute of limitations issue and reversed the trial court's order granting a temporary injunction. We agree with the conclusion reached in Victor and, accordingly, reverse.
As in Victor, our case involves a transaction in interstate commerce and is therefore governed by the Federal Arbitration Act (FAA). United Servs. Gen. Life Co. v. Bauer, 568 So.2d 1321 (Fla. 2d DCA 1990); Rosen v. Shearson Lehman Bros., 534 So.2d 1185 (Fla. 3d DCA 1988), rev. denied, 544 So.2d 200 (Fla. 1989); 9 U.S.C.A. § 2. As stated in Victor:
Federal courts applying the FAA have almost uniformly held that, assuming an arbitration clause is sufficiently broad to permit arbitration of the statute of limitations issue, the question whether an action is time-barred due to a state statute of limitations is a question for the arbitrator, not the courts.
Victor, 606 So.2d at 683. The court most often cited on this issue appears to be the Second Circuit, see Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114 (2d Cir.1991); Conticommodity Servs., Inc. v. Philip & Lion, 613 F.2d 1222 (2d Cir.1980); Trafalgar Shipping Co. v. Int'l Milling Co., 401 F.2d 568 (2d Cir.1968), and the Eleventh Circuit has expressly adopted the reasoning of the Second Circuit. See Belke v. Merrill Lynch, Pierce, Fenner & Smith, 693 F.2d 1023 (11th Cir.1982).
Dean Witter argues that based on Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989), the state choice of law provision in the agreements must be enforced to permit resolution of the statute of limitations issue in court pursuant to New York law, and therefore, the FAA does not govern this case. First, New York law does not provide that the court, rather than arbitrators, must decide statute of limitations issues, but merely gives parties an option to have this issue decided by a court under certain circumstances. Second, and more importantly, the United States Supreme Court in Volt did not hold that the state choice of law provision in the parties' contract must override the application of the FAA. The Supreme Court refused to review the California court's determination that the parties intended to incorporate the California Arbitration Act into their agreement stating that the interpretation of private contracts is ordinarily a question of state law. 489 U.S. at 474, 109 S.Ct. at *721 1253. Thus, based on the California court's determination regarding the parties' intent, the Supreme Court simply held that the FAA does not prevent enforcement of an agreement to arbitrate under different rules than those set forth in the FAA if application of such rules would not undermine the goals and policies of the FAA.[3] 489 U.S. at 477-479, 109 S.Ct. at 1254-56. Accordingly, the Court proceeded with a "preemption analysis" to determine whether application of the particular California law, which allowed a stay of arbitration while third party claims were resolved by litigation, would undermine the goals and policies of the FAA and concluded that it would not. 489 U.S. at 477-479, 109 S.Ct. at 1254-56.
In this case, however, we find that the parties' contract does not show an intent to apply a state law which would remove from arbitration an issue that would otherwise be arbitrable under the FAA. As stated in Victor, the threshold consideration is what the parties agreed would be arbitrable, and in making that determination, it is necessary to harmonize all provisions of the agreement. Victor, 606 So.2d at 684-85. Here, as in Victor, the parties' adoption of the broad arbitration clause providing that any controversy shall be settled by arbitration limited the parties' option to have the statute of limitations issue resolved by a court, especially in light of the permissive, rather than mandatory, nature of the New York rule. As noted by the court in Victor, Dean Witter drafted the customer agreements to include the terms "any controversy" in the arbitration clause and, therefore, cannot now be heard to complain of its broad application. 606 So.2d at 686. Parties are free to limit the scope of their agreement to arbitrate or to designate that specific issues, such as statute of limitations questions or other time bar defenses, will not be arbitrable. See Volt, 489 U.S. at 479, 109 S.Ct. at 1256.
Since we find that the parties intended the statute of limitations issue to be arbitrable, we need not address whether application of the particular New York rule would "conflict" with the goals and policies of the FAA.[4] We note, however, that in Victor, the court concluded that the New York statute at issue does "impermissibly stray[] into an area preempted by the FAA by permitting one party to avoid arbitration of an issue covered by an arbitration agreement." 606 So.2d at 685.
We find that the statute of limitations and repose defenses raised by Dean Witter should be determined by the arbitrators in accordance with the agreements executed by Marschel and Dean Witter. We, therefore, reverse the trial court's order granting Dean Witter's motion for temporary injunction and remand for proceedings consistent herewith.
Reversed and remanded.
SCHOONOVER, A.C.J., and ALTENBERND and BLUE, JJ., concur.
NOTES
[1] Sections 7502(b) and 7503 of the New York Civil Practice Laws and Rules permit a party to allow the arbitrators to decide statute of limitations defenses or to apply to the court for a stay of arbitration so the court can decide statute of limitations defenses. The alternative of applying to the court for resolution of such defenses is only available to a party who has not participated in the arbitration proceedings and who has not made or been served with an application to compel arbitration. N.Y.Civ.Prac.Law § 7503(b).
[2] Citing In Re Vernon v. Shearson Lehman Bros., 587 So.2d 1169 (Fla. 4th DCA 1991), and Anstis Ornstein Assocs., Architects & Planners, Inc. v. Palm Beach County, 554 So.2d 18 (Fla. 4th DCA 1990). As pointed out in Victor, the cases relied upon in Vernon did not involve application of the FAA.
[3] The Supreme Court emphasized that the FAA does not contain an express preemptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration, but explained that state law may nonetheless be preempted to the extent it actually conflicts with federal law by "standing as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." 489 U.S. at 477, 109 S.Ct. at 1254, quoting Hines v. Davidowitz, 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941).
[4] See generally Arthur S. Feldman, Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.: Confusing Federalism with Federal Policy Under the FAA, 69 Tex.L.Rev. 691 (1991).