629 So.2d 898 (1993)
Robert WYLIE and Beverly Wylie, Appellants,
v.
INVESTMENT MANAGEMENT AND RESEARCH INC., and James A. Jenkins, Appellees.
No. 92-3256.
District Court of Appeal of Florida, Fourth District.
November 24, 1993.
Rehearing and Clarification Denied January 25, 1994.
*899 Russell L. Forkey, Russell L. Forkey, P.A., Deerfield Beach, for appellants.
Jeffrey A. Winikoff, Stein, Rosenberg & Winikoff, P.A., Fort Lauderdale, for appellees.
EN BANC
Rehearing En Banc and Clarification Denied January 25, 1994.
FARMER, Judge.
The issue presented in this nonfinal appeal is, in a case where a right to arbitration of a claim is protected by the United States Arbitration Act [USAA], 9 U.S.C. sections 1-16 (1991), whether it is for the court or the arbitrators to determine a defense of a statute of limitations. To provide a definitive answer to this question, we have decided on our own motion to hear this case en banc and thus resolve any possible conflict among the decisions of this court relating to the issue. Our decision today makes clear that  in this kind of case  it is the arbitrators who should determine this issue.
First the salient facts. In 1985 and 1986, appellants Wylie [customer] maintained an investment account with appellee Investment Management & Research [dealer], a securities broker doing business in Palm Beach County. Dealer is a member of the National Association of Securities Dealers [NASD]. In the account agreement between dealer and customer, the parties agreed to be bound by the NASD Code of Arbitration Procedure [NASD Code] and to arbitrate any claim covered by the NASD Code. NASD Code § 12 provides that:
"[a]ny dispute, claim, or controversy eligible for submission under Part I of this Code between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons shall be arbitrated under this Code, as provided by any duly executed and enforceable written agreement or upon the demand of the customer."
NASD Code § 1 defines matters eligible for submission to include any claim  "between or among members and public customers"  arising out of the business of any member. NASD Code § 15 provides as follows:
"Time Limitation on Submission
Sec. 15. No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction."
The transactions in customer's account were all made between October 31, 1985, and December 23, 1986. Customer submitted a claim to NASD on September 9, 1991.
Dealer responded to the claim by asking the arbitrators to dismiss it as time barred under section 15 of the NASD Code. That request was declined without prejudice to argue the subject again at the final arbitration hearing. In April 1992, the arbitrators scheduled a final hearing to be held in December 1992. In June 1992, however, dealer filed a complaint in the circuit court in Palm Beach County seeking a judicial declaration that the claim is outside the scope of arbitration because it is time barred under NASD Code § 15 and under applicable Florida law. The dealer also sought a stay of arbitration on the grounds that the parties had not agreed to arbitrate claims which had become stale under section 15. The trial court heard the stay application in October 1992 and temporarily enjoined the arbitration proceedings. This appeal timely followed.
Because the arbitration agreement is a "contract evidencing a transaction involving commerce," it is covered by the USAA. See USAA § 1. USAA has been definitively construed as:
"establish[ing] that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."
*900 Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).
When a state appellate court is asked to decide a federal question as to which there is no Supreme Court authority directly on point, and the Circuit Courts of Appeal are divided, there is no established rule to guide such a state court. One mechanical method might be to add up the federal circuits and go with the weight of decisions. Another arguable method is to accord unusual weight to a decision on the issue, if there is one, of the federal circuit in which the state is located. This latter approach has the virtue of establishing that the issue will be uniformly decided by both federal and state courts in the geographic area in which the state is located, thus discouraging forum shopping. In the end, the state court is very much like an Erie-bound federal court deciding uncertain state law; it must guess how the highest court is likely to decide the issue. This is such a case.
In this instance, the Eleventh Circuit  which includes Florida  is aligned with the Second, Fourth, Eighth, Ninth and District of Columbia Circuits, a majority, in concluding under USAA that arbitrators rather than courts should decide the limitations issue. See Miller v. Prudential Bache Securities Inc., 884 F.2d 128 (4th Cir.1989), cert. denied, 497 U.S. 1004, 110 S.Ct. 3240, 111 L.Ed.2d 751 (1990); Automotive, Petroleum and Allied Industries v. Town and Country Ford, 709 F.2d 509 (8th Cir.1983); Belke v. Merrill Lynch, Pierce, Fenner & Smith, 693 F.2d 1023 (11th Cir.1982), partially abrogated on other grounds, Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); O'Neel v. National Association of Securities Dealers, Inc., 667 F.2d 804 (9th Cir.1982); Conticommodity Services Inc. v. Philipp & Lion, 613 F.2d 1222 (2nd Cir.1980); and Hanes Corp. v. Millard, 531 F.2d 585 (D.C. Cir.1976). Arrayed against that majority are the Third, Sixth and Seventh Circuits. See Paine-Webber Inc. v. Hartmann, 921 F.2d 507 (3rd Cir.1990); Roney & Co. v. Kassab, 981 F.2d 894 (6th Cir.1992); and Edward D. Jones & Co. v. Sorrells, 957 F.2d 509 (7th Cir.1992).
The rationale of the Seventh Circuit in Sorrells illustrates the thinking of the courts that require judges rather than arbitrators to determine limitations defenses. Sorrells concluded that NASD Code § 15 is an eligibility, or scope of arbitration, provision; therefore claims older than 6 years are simply outside the scope of the arbitration agreement, and the arbitration panel lacks "subject matter" jurisdiction to consider them. Of course, one way of viewing the Sorrells rationale is that it is not so much against arbitrators deciding limitations issues as it is enforcing the parties' agreement that the scope of arbitration does not extend to time-barred claims.
Conticommodity is the leading case holding that USAA does not require judges to decide limitations defenses in arbitrable controversies. There the Second Circuit focused on USAA § 4, which provides in relevant part:
"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court * * * for an order directing that such arbitration proceed in the manner provided for in such agreement. * * * The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. * * * If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to trial thereof. * * *"
9 U.S.C. § 4. The Second Circuit concluded from this statutory text that in this setting there are only two issues for the court to decide: (1) whether there is an agreement to arbitrate, and (2) whether a party to such an agreement has refused to arbitrate.
If both of these issues are determined in the affirmative, then under USAA the court is limited to directing the parties to arbitration. All remaining issues, including limitations, are for the arbitrators to decide. 613 F.2d at 1226. The contrary conclusion  permitting *901 the judge to decide the "rightfulness" of the party's refusal to arbitrate because of a limitations defense  "would be at odds with the limited scope of judicial inquiry authorized by [USAA] section 4." 613 F.2d at 1227. We cannot help but note that, in deciding that arbitrators should decide limitations issues, the Eleventh Circuit expressly followed Conticommodity and its rationale.
At the same time, some of the courts deciding that only arbitrators should determine a limitations defense generally conclude that limitations defenses are typically viewed as procedural bars, rather than substantive defenses. See FSC Securities Corp. v. Freel, 811 F. Supp. 439 (D.Minn. 1993). Indeed, as we have already seen, NASD Code § 15 is itself entitled "Time Limitation on Submission," thereby suggesting a procedural cast rather than a clear border on the agreed scope of arbitration. The Supreme Court has certainly held that procedural questions arising from an arbitrable controversy are for the arbitrators to decide. John Wiley & Sons Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964).
At best, the case for the substantive limit on the scope of arbitration is no greater, and certainly no more plausible, than the case for the procedural limitation. With the contrary readings in equipoise, we are left with the Supreme Court's admonition that all doubts be resolved in favor of arbitration rather than against it. Moses H. Cone Memorial Hospital, 460 U.S. at 24-25, 103 S.Ct. at 941. We thus conclude that NASD Code § 15 is but a procedural bar and is thus for arbitrators to decide.
It remains to explain our own precedents on the issue of arbitrators deciding limitations questions. In Anstis Ornstein Associates, Architects and Planners, Inc. v. Palm Beach County, 554 So.2d 18 (Fla. 4th DCA 1989), and Estate of Vernon v. Shearson Lehman Bros., Inc., 587 So.2d 1169 (Fla. 4th DCA 1991), we appear to have held that in all arbitrations the courts and not the arbitrators must determine issues relating to the statute of limitations. Our entire opinion in Anstis (excluding citations) reads:
We reverse the trial court's order, the effect of which was to deny appellant's prayer for injunction of arbitration; and we hold, on remand, that it is the trial court's responsibility, not the arbitrator's, to determine the question of whether the statute of limitations bars arbitration here. [citations omitted]
554 So.2d at 19. In Vernon, our opinion said: "As we decided in Anstis Ornstein, it is the court which should decide whether an arbitration claim has been barred by a statute of limitations." Vernon, 587 So.2d at 1171. While it might be argued that Anstis is too abbreviated and lacking in any explication of the facts and issues in the majority opinion to bear much precedential weight, and that the opinion in Vernon is broader than the facts and circumstances permitted or required, both opinions are widely perceived as standing for the holding that limitations defenses in all arbitration cases go to judges for a decision.
There is no suggestion in Anstis that federal law is involved. Indeed our own files in Anstis show that no federal statutes or cases were even cited, and the controversy centered on a construction contract for a local building project. Anstis thus appears to involve the state arbitration law exclusively, while the present case involves federal law exclusively. Our holding in Anstis is therefore not directly implicated by the narrow federal issue we face today.
Vernon goes farther than was necessary to explain our quite proper application there of the Florida probate nonclaim statute. See § 733.702, Fla. Stat. (1989). In that case, the issue was whether the nonclaim statute could bar probate acceptance of a claim covered by a USAA-protected arbitration clause. That, in turn, depended on whether USAA overrides Florida's probate nonclaim statute and the important role it plays in the administration of decedents' estates. In correctly determining that there was no conflict between USAA and the Florida Probate Code's nonclaim statute, it was probably unnecessary for us to opine on the separate subject as to whether courts or arbitrators should generally determine if arbitrable claims are barred by an applicable state statute of limitations. Indisputably, it was a nonclaim statute that we considered in Vernon, not a statute of limitations.
*902 Nonclaim statutes differ from statutes of limitations in that the former are jurisdictional provisions which the parties may not ordinarily waive, while the latter are procedural bars which may be waived by the failure to plead or assert them. Barnett Bank of Palm Beach County v. Estate of Read, 493 So.2d 447 (Fla. 1986). Until 1986, section 733.702 was considered a statute of limitations; in that year, however, the legislature deliberately changed the wording of the statute to make it a jurisdictional nonclaim statute. See Ch. 86-249, Laws of Fla.; Thames v. Jackson, 598 So.2d 121 (Fla. 1st DCA 1992); In re Estate of Parson, 570 So.2d 1125 (Fla. 1st DCA 1990).
One must necessarily distinguish also between the precise roles of arbitration and probate. The purpose of arbitration is to provide an alternate mechanism to the ordinary civil action for the resolution of disputes. The primary purpose of probate is to provide for payment of settled or resolved claims from a decedent's estate. Cf. § 733.705(4), Fla. Stat. (1991) (claimant has period of 30 days after objection to claim by personal representative to bring independent action upon claim against decedent's estate). There is nothing in USAA to suggest a congressional intent to displace the probate laws of those states with nonclaim provisions like ours. Similarly, there is nothing in the probate code to suggest that those claimants with arbitration rights are not bound by the same nonclaim statute that binds those claimants whose claims must be resolved in a court.
When a party to an arbitration agreement dies, the surviving party may still make use of the arbitration clause to have the merits of the claim settled by arbitrators. That party must first, however, timely file a claim in the probate court. If the personal representative disputes the claim and objects, the claimant then simply initiates arbitration to settle the merits of the claim, returning to the probate court with the arbitrators' decision in hand to compel payment. To the extent that a judgment of a court is necessary for probate purposes, within 30 days of the objection to the claim the claimant should bring an independent action to compel the arbitration, later presenting a final order of confirmation to the probate court.
Our decision in Vernon correctly recognized as a matter of probate law that a claimant with a right to arbitration must still comply with the nonclaim statute. Indeed, we explained that:
A closer look at the federal authorities cited by Shearson brings us to the conclusion that a state statute of limitations can provide a time bar to an arbitration claim authorized under [USAA], especially if the claim involves probate matters. [e.s.]
Vernon, 587 So.2d at 1170. Even though our opinion does not specify that it was a nonclaim statute, rather than a conventional statute of limitations, that barred Shearson's claim, it was manifestly the nonclaim statute rather than the statute of limitations. To the extent that Vernon appears to extend beyond the nonclaim statute, we hereby recede from Vernon.[1]
Our decision today should not be mistaken for a holding under the Florida Arbitration Code. See Ch. 682, Fla. Stat. (1991). We thus expressly make no decision as to whether our simple holding in Anstis is also receded from. That will have to come, if at all, in a case squarely presenting that issue.
REVERSED.
DELL, C.J., and ANSTEAD, HERSEY, GLICKSTEIN, GUNTHER, STONE, WARNER, POLEN, KLEIN and PARIENTE, JJ., concur.
NOTES
[1] We note that our decision today is in accord with other District Courts of Appeal considering the question. See Dean Witter Reynolds, Inc. v. Clarke, 617 So.2d 402 (Fla. 3d DCA 1993) (limitations defense must be arbitrated); Marschel v. Dean Witter Reynolds, Inc., 609 So.2d 718 (Fla. 2d DCA 1992), rev. denied, 617 So.2d 318 (Fla. 1993) (same; parties are free to provide in arbitration agreement that limitations defenses shall be determined by court rather than arbitrator); Victor v. Dean Witter Reynolds, Inc., 606 So.2d 681 (Fla. 5th DCA 1992), rev. denied, 614 So.2d 502 (Fla. 1993) (agreement provided for arbitration of "any controversy" without excluding limitations defenses; distinguishing Vernon; USAA requires that arbitrators decide limitations defense under broad arbitration agreement).