POLEN, Judge.
Warren Tetzlaff appeals the trial court’s order granting summary judgment in favor of appellees, denying Tetzlaffs Petition to Compel Arbitration.
The issue in this ease is whether it is for the court or the arbitrators to determine a defense of a statute of limitations, and whether the appellant was improperly denied the right to arbitration on the grounds that he was deemed an improper party. We reverse.
In 1986, Tetzlaff attended an Estate Planning Seminar sponsored by Raymond James & Associates, Inc., at which Jeffrey P. Wilson was the seminar’s featured speaker. The purpose of the seminar was to promote the sale of Charitable Remainder Annuity Trusts (CRATs). Subsequent to, and as a result of having attended, this seminar, the appellant, Tetzlaff, met with appellee, Wilson, for the purpose of obtaining financial and tax planning advice since Tetzlaff was about to receive over one million dollars as a result of his sale of certain investment real estate. Appellant chose the plan with the highest after tax income during the estimated term of his life, which plan included the establishment of a CRAT.
Tetzlaff signed a Memorandum of Understanding which indicated that, although it was everyone’s intention to keep the plan as profitable as possible, the plan would most likely cause an invasion of principal, as the principal was being returned to the investor along with interest and capital appreciation. He also signed documents appointing a trustee for his CRAT.
Thereafter, when Tetzlaff became aware of the problems with the CRAT (specifically, that it was paying interest and principal), he, individually, and in his capacity as a beneficiary of the Warren H. Tetzlaff Charitable Remainder Annuity Trust (“Tetzlaff CRAT”) initiated an arbitration proceeding before the National Association of Securities Dealers, Inc. (“NASD”).
Although the appellees executed NASD Uniform Submission Agreements agreeing to arbitrate appellant’s claims before the NASD, the trustee of the Tetzlaff CRAT refused to do so. Thereafter, on March 17, 1992, appellant filed an Amended Statement of Claim, attempting to bring the existing arbitration proceeding in his individual capacity. However, the appellees, and subsequently the NASD, declaring Tetzlaff to be an improper party, determined that only the trustee of the trust could be eligible to require the arbitration proceeding. The Petition to Compel Arbitration, which Tetzlaff subsequently filed in the circuit court, result- . ed in the trial court granting summary judgment for the appellees, based on its determination that there were no genuine issues of material fact; that Tetzlaff, in his individual capacity, was not the proper party to compel arbitration of the trust claims; and that the individual claims were barred under the applicable statute of limitations. We reverse on all three points.
In their account agreement, the parties agreed to be governed by the NASD Code of Arbitration Procedures.
Section 12(a) of the NASD Code of Arbitration states:
Any dispute, claim or controversy eligible for submission under Part I of this Code between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons shall be arbitrated under this code, as provided by any duly executed and enforceable written agreement or upon the demand of the customer. (Emphasis added).
In addition, section 15 of the NASD Code of Arbitrations provides:
No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy.
*291 In Wylie v. Investment Management and Research, Inc., 629 So.2d 898 (Fla. 4th DCA 1993) (en banc), we held that in cases governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (1991), it is for the arbitrators, not the courts, to decide statute of limitations defenses. In Wylie, wherein we adopted the conclusions reached in the leading case, Conticommodity Services Inc. v. Phillip & Lion, 613 F.2d 1222 (2nd Cir.1980) we held that there are only two issues for the court to decide:
(1) whether there is an agreement to arbitrate, and
(2) whether a party to such an agreement has refused to arbitrate. Wylie, 629 So.2d at 900.
We further concluded that if both of these issues are determined in the affirmative, then, under USAA, the court is limited to directing the parties to arbitration, as all other issues, including statutes of limitation are for the arbitrators to decide. Id. In Wylie, in accord with, and adopting, the conclusions of Conticommodity, we held that any contrary conclusion — permitting the judge to decide the “rightfulness” of the party’s refusal to arbitrate because of a limitations defense — “would be at odds with the limited scope of judicial inquiry authorized by [USAA] section 4.” Conticommodity, 613 F.2d at 1227.
In the instant matter, we find that as in Wylie, there does exist an agreement to arbitrate, as evidenced- by the NASD Uniform Submission Agreements submitted by both the appellant and the appellees. In addition, appellees’ Answer and Affirmative Defenses to Petition to Compel Arbitration is evidence of their refusal to arbitrate.
We find unpersuasive appellees’ attempt to distinguish the case at bar from Wylie. Ap-pellees argue that the facts of Wylie did not include a refusal by the arbitrators to hear the case, and that this court never suggested in Wylie that trial courts faced with such a refusal still must not determine statute of limitations issues. At bar, however, there has been no refusal by arbitrators to hear the case. Rather, it was the NASD administrative personnel, as opposed to arbitrators, who have taken the position that appel-lees are not obligated to arbitrate this dispute with the appellants, but may do so voluntarily if they so choose. In effect, the NASD, rather than closing the file, has merely placed it on the inactive list, pending a ruling by the court. See also FSC Securities Corp. v. Freel, 14 F.3d 1310 (8th Cir.1994), wherein the court held that procedural questions, such as effect of statutes of limitations, are left to arbitrators once it has been established that the subject matter of the dispute is subject to arbitration.
In the instant matter, we agree that the subject matter is subject to arbitration. However, we note that there has been no appointment of arbitrators — all decisions which have been made to date have been made by the NASD administrative staff. Thus, we hold that the trial judge erroneously deprived the party of the right to have the arbitrators decide the time limitations defenses that were advanced by the appellees.
We. find equally unavailing appellees contention that appellant lacks “proper party” status to bring his claim. Pursuant to section 12(a) of the NASD Code of Arbitration Procedure, “any dispute, claim or controversy eligible for submission under Part I of the code between a customer and a member and/or associated person” shall be arbitrated “upon the demand of the customer” (emphasis supplied). At bar, we find that RAYMOND JAMES is a “member” of the NASD, pursuant to NASD Manual By-law, Art. I § l(i), WILSON is a “person associated with a member,” pursuant to § l(m), and TET-ZLAFF was a “customer” when the alleged securities and common law violations occurred.
Furthermore, pursuant to the above-cited section 12(a), appellant has additionally filed a claim in his individual capacity, alleging certain misrepresentations and omissions made by appellees to Tetzlaff, personally, in order to induce him to part with $1,000,000 in the first place. Since the claims asserted by appellant in his Amended Statement of Claim are, therefore, not claims brought on behalf of the Tetzlaff CRAT, we agree with appellant that appellees’ contention that he is ineligible as a beneficiary of the Tetzlaff CRAT is *292 wholly irrelevant here. As the issues surrounding appellant’s “proper party” status appeared to be intertwined with his substantive claims, we find that the arbitration panel would be a better forum for such determination.
Finally, pursuant to Moore v. Morris, 475 So.2d 666, 668 (Fla.1985), we find that, since the appellees have failed “to show conclusively the absence of any genuine issue of material fact,” the granting of summary judgment was in error. We reverse and remand for further proceedings consistent with this opinion.
STONE and STEVENSON, JJ., concur.