661 So.2d 119 (1995)
STINSON-HEAD, INC., a Florida corporation, Appellant,
v.
CITY OF SANIBEL, a political subdivision of the State of Florida, Appellee.
No. 95-01597.
District Court of Appeal of Florida, Second District.
October 4, 1995.
*120 Steven B. Sundook of Peters, Robertson, Lax, Parsons & Welcher, P.A., Fort Myers, for appellant.
Robert D. Pritt, City Attorney, Sanibel; and George H. Knott of Humphrey & Knott, P.A., Fort Myers, for appellee.
BLUE, Judge.
Stinson-Head, Inc., appeals a nonfinal order compelling arbitration of claims by the City of Sanibel relating to alleged defects in the city hall's roof. Stinson-Head argues that the trial court, not the arbitrator, should determine whether Sanibel's claims are time-barred. Because the parties' broad arbitration agreement covered the statute of limitations issue, we affirm.
In 1982, Stinson-Head and Sanibel entered into a contract for the construction of the city hall. The contract contained a provision requiring the parties to arbitrate "[a]ll claims, disputes and other matters ... arising out of, or relating to, the Contract Documents or the breach thereof." It further provided that a demand for arbitration shall be made within a reasonable time after the claim has arisen, "and in no event shall it be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations." In this appeal, Stinson-Head argues that the statute of limitations issue should be decided by the trial court before arbitration can proceed.
"The agreement of the parties determines the issues subject to arbitration." Regency Group, Inc. v. McDaniels, 647 So.2d 192, 193 (Fla. 1st DCA 1994) (citation omitted). Arbitration is a favored means of dispute resolution and courts should resolve doubts concerning the scope of such agreements in favor of arbitration. Id.; see also Ronbeck Constr. Co., Inc. v. Savanna Club Corp., 592 So.2d 344 (Fla. 4th DCA 1992) (holding that Florida courts, like federal courts, should resolve all doubts in favor of arbitration). The trend is to liberally construe an arbitrator's authority if the arbitration clause is sufficiently broad. United Servs. Gen. Life Co. v. Bauer, 568 So.2d 1321 (Fla. 2d DCA 1990).
In the present case, the parties contractually agreed to a very broad arbitration clause. An almost identical arbitration clause was construed, under the federal arbitration act, to plainly encompass a statute of limitations issue. See Marschel v. Dean Witter Reynolds, Inc., 609 So.2d 718 (Fla. 2d DCA 1992), review denied, 617 So.2d 318 (Fla. 1993). Broad contract language should be given effect because "[p]arties are free to limit the scope of their agreement to arbitrate or to designate that specific issues, such as statute of limitations questions or other time bar defenses, will not be arbitrable." 609 So.2d at 721 (citation omitted). Based on the plain language of its broad arbitration clause and without a specific exclusion, we conclude that Stinson-Head agreed to arbitrate all issues relating to its contract with Sanibel, including the statute of limitations defense.
Chapter 682, Florida Statutes (1993), recognizes and gives effect to arbitration agreements. Arbitration agreements "shall be valid, enforceable, and irrevocable without regard to the justiciable character of the controversy." § 682.02. To stay arbitration, a party must raise an issue "as to the making of the [arbitration] agreement" or assert that no agreement for arbitration exists. §§ 682.03(1) and (4). Furthermore, "[a]n order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides." § 682.03(5). "`The trial court's role when considering applications to compel arbitration under Section 682.03, Florida Statutes (1987), is limited to determining (1) whether a valid written agreement exists containing an arbitration clause, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived.'" North Am. Van Lines v. Collyer, 616 So.2d 177, 178 *121 (Fla. 5th DCA 1993) (quoting Piercy v. School Bd. of Wash. County, 576 So.2d 806, 807 (Fla. 1st DCA 1991)). Stinson-Head has failed to assert any of the statutory grounds for blocking arbitration.
In a one-paragraph majority opinion, the Fourth District stated without elaboration that trial courts, not arbitrators, must decide whether arbitration is barred by the statute of limitations. Anstis Ornstein Assocs., Architects & Planners, Inc. v. Palm Beach County, 554 So.2d 18 (Fla. 4th DCA 1989). But as asserted by the dissent:
The arbitration clause in question is a broad and comprehensive one covering all disputes between the parties. Another clause provided that the claim for arbitration must be filed within a reasonable time, not to exceed the applicable legal limitation period. I see no reason why the arbitrators cannot properly resolve any dispute between the parties as to compliance with this provision.
554 So.2d at 19 (Anstead, J., dissenting).
Subsequently, in Wylie v. Investment Management & Research, Inc., 629 So.2d 898 (Fla. 4th DCA 1993), the Fourth District held that federal arbitrators should decide the statute of limitations issue. Because Wylie involved only federal arbitration, the court stated that it would make no decision on the continuing validity of Anstis Ornstein until the issue was squarely presented. 629 So.2d at 902.
As shown by Stinson-Head's contention that Sanibel's claims are in fact barred by the statute of limitations, this issue is very fact-oriented and will require an evidentiary hearing. When the evidence is repeated at a subsequent arbitration if the claim is found timely, the parties would be duplicating their efforts, thus increasing the costs and defeating one of the goals of arbitration. If we adopted Stinson-Head's position, a party could first litigate its defenses before a trial court. Only after losing would it be required to abide by its contractual obligation to submit the claims to arbitration. This approach is illogical and would defeat a valid arbitration agreement. Further, we find no legislative authority mandating such a bifurcated procedure. In light of the presumption of arbitrability and where a party has agreed to a broadly written arbitration clause without exclusions, we conclude that the party has agreed to arbitrate the defenses it may have to the other party's claim.
Accordingly, we affirm the trial court's order compelling arbitration and hold that the arbitrator must decide whether Sanibel's claim is timely. Based on our holding, we certify conflict with the Fourth District's decision in Anstis Ornstein.
THREADGILL, C.J., and WHATLEY, J., concur.