FARMER, Judge.
We review an order denying a motion to compel arbitration. In effect, the trial court found the arbitration clause ambiguous and construed the ambiguity against arbitration. Because we believe that any ambiguity should have been construed in favor of arbitration, we reverse.
The arbitration provision in question provides:
“If within 60 days after the date of this Agreement the General Partner and the Limited Partner are unable to agree upon the disposition of the Escrow Deposit, then the General Partner and the Limited Partner shall submit the matter for alternative dispute resolution reasonably satisfactory to the General Partner and the Limited Partner, including, but not limited to, binding arbitration under the rules of the American Arbitration Association, with the venue being in the State of Florida. Costs of the arbitration shall be borne by the Partnership.”
The phrase, “for alternative dispute resolution,” suggests to us that the parties’ intent was to explore a non-binding form of resolution such as mediation before submitting the cause to binding arbitration. Any ambiguity occasioned by the phrase, “reasonably satisfactory to the General Partner and the Limited Partner,” is entirely overcome in our mind by the last sentence imposing the costs of arbitration on the partnership. Hence, we think that the entire provision is sufficiently clear to demonstrate an intent to arbitrate what happens to the escrow fund.
But even if the final sentence did not exist, we would still find the arbitration agreement enforceable. The arbitration provision is contained in an escrow agreement between a California limited partnership, on the one hand, and a Florida corporation and a Florida resident on the other. The escrow agent is a law firm in Ohio. The parties invested in an apartment project in Palm Beach County in 1982. The- California entity is the limited partner, and the Florida parties are the general partners, in the Florida partnership that holds title to the property. The project was financed with funds borrowed through a program under the auspices of the federal Department of Housing and Urban Development.
*212 In 1995 HUD authorized the refinancing of the project and ultimately approved disbursing $376,000 of the refinancing proceeds to the investors. There is now a dispute between the general partners and the limited partner as to the right to those proceeds. The escrow agreement placed the disputed funds in the hands of an escrow agent. The paragraph quoted above establishes the ultimate mechanism for deciding who gets those proceeds.
These facts make it clear to us that the escrow agreement — which, of course, includes the arbitration provision — is “a contract evidencing a transaction involving commerce,” within the meaning of section 1 of the United States Arbitration Act (USAA). 9 U.S.C. § 1. That federal legislation is a “congressional declaration of a liberal federal policy favoring arbitration, notwithstanding any state substantive or procedural devices to the contrary,” Moses H. Cone Mem. Hosp. v. Mercury Const’n Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765, 785 (1983), which requires that all doubts be resolved in favor of arbitration rather than against it. Wylie v. Investment Management and Research Inc., 629 So.2d 898, 901 (Fla. 4th DCA 1993) (“With the contrary readings in equipoise, we are left with the Supreme Court’s admonition that all doubts be resolved in favor of arbitration rather than against it.”). Thus USAA requires that any doubts about the meaning of this clause result in a construction in favor of arbitration.
It is settled that the parties to an arbitration agreement involving commerce may contract to apply the arbitration laws of a specific state — but only so long as that state’s arbitration laws are not in conflict with USAA. Volt Information Sciences Inc. v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). There is a general choice of Florida law provision in the escrow agreement but none directed solely to the arbitration clause in issue. If the general choice of Florida law is to be deemed a contractual selection of Florida arbitration law — about which we have considerable doubts — then we could apply state law only so long as it is not in conflict with USAA. In other words, no matter which law the parties selected the outcome would be the same. The clause will be construed to compel arbitration of the present dispute.
REVERSED.
GLICKSTEIN and SHAHOOD, JJ., concur.