705 So.2d 662 (1998)
FORD MOTOR COMPANY, Appellant/cross appellee,
v.
Thomas J. and Marlene FOWLER, Appellees/cross appellants.
HOLIDAY RAMBLER CORPORATION, Appellant,
v.
Thomas J. and Marlene FOWLER, Appellees.
Nos. 97-1113, 97-1120.
District Court of Appeal of Florida, First District.
January 27, 1998.
*663 William L. Bromagen, P.A., Fort Lauderdale, for appellant Ford Motor Company.
J. Thomas McKeel of Coker, Myers, Schickel, Sorenson & Higginbotham, P.A., Jacksonville, for appellant Holiday Rambler Corporation.
James A. Chereskin of Cameron, Marriott, Walsh, Hodges & Coleman, P.A., Daytona Beach, for appellees.
WOLF, Judge.
Ford Motor Company (Ford) appeals from a final judgment awarding appellees, Thomas J. Fowler and Marlene Fowler, damages and attorney's fees pursuant to chapter 681, Florida Statutes (the Florida Lemon Law). The Fowlers filed a cross appeal concerning the amount of damages and attorney's fees awarded. Holiday Rambler Corporation (Holiday) filed a separate appeal from the same final judgment finding them jointly and severally liable for the damages assessed against Ford. The cases have been consolidated on appeal.
As to the Ford appeal and cross appeal, we affirm as to both. We find it unnecessary to address the issues raised therein except to note that Ford waived any argument as to untimeliness by voluntarily taking part in the dispute settlement procedure process outlined in section 681.108, Florida Statutes. See Wylie v. Investment Management and Research, Inc., 629 So.2d 898 (Fla. 4th DCA 1993); Victor v. Dean Witter Reynolds, Inc., 606 So.2d 681 (Fla. 5th DCA 1992).
We reverse the final judgment as to Holiday because the action against Holiday was not timely filed after the decision of the Florida Motor Vehicle Arbitration Board (arbitration board) which had found no liability on the part of Holiday.
On November 8, 1994, the arbitration board entered a written decision, holding Ford liable for damages and attorney's fees pursuant to the Florida Lemon Law. Holiday was dismissed from the action in the same order. The order was sent to the parties on November 22, 1994; the parties received the decision on November 28, 1994. On December 20, 1994, Ford filed an action in circuit court, appealing the decision of the arbitration board as to their liability. It was not until December 5, 1995, that the Fowlers filed a third-party complaint against Holiday. Section 681.1095(10), Florida Statutes, provides that an appeal of the decision of the board must be filed within "30 days after receipt of the decision." Section 681.112, Florida Statutes, provides that a consumer who pursues a case in front of the arbitration board must file a damage action within one year after the final action of the board. The action against Holiday was untimely under either standard.
That portion of the order finding Holiday jointly and severally liable is reversed. In all other respects, the order of the circuit court is affirmed.
JOANOS and VAN NORTWICK, JJ., concur.