**BEAR, STEARNS & CO., INC.,**
**Petitioner–Appellant,**

v.

**Robert C. BENNETT, Jr.,**
**Respondent–Appellee.**

**No. 1501, Docket 91–7233.**

United States Court of Appeals,
Second Circuit.

Argued May 20, 1991.

Decided July 8, 1991.

A. Robert Pietrzak, New York City (Charna L. Gerstenhaber, Donna Carrier–Tal, Brown & Wood, New York City, of counsel), for petitioner-appellant.

Thomas R. Grady, Naples, Fla., for respondent-appellee.

Before VAN GRAAFEILAND, MESKILL and McLAUGHLIN, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Bear, Stearns & Co. appeals from a judgment of the United States District Court for the Southern District of New York (Patterson, J.) dismissing its petition to compel Robert C. Bennett, Jr. to arbitrate his claim against Bear Stearns before the American Arbitration Association (AAA) in New York City. We hold that the petition should have been granted.

In 1983 Bennett, a Florida resident, signed a Customer Agreement with Bear Stearns, a securities broker-dealer, which agreement provided in part that

[a]ny controversy arising out of or relating to your account in connection with transactions between us or pursuant to this Agreement or the breach thereof shall be settled by arbitration in accordance with the rules, then in effect, of the National Association of Securities Dealers, Inc., the Board of Governors of the New York Stock Exchange, Inc. or the Board of Governors of the American Stock Exchange, Inc. [AMEX] as you may elect.

Article VIII, section 2(c) of the AMEX Constitution (the AMEX Window) provides that

if any of the parties to a controversy is a customer, the customer may elect to arbitrate before the American Arbitration Association in the City of New York, unless the customer has expressly agreed, in writing, to submit only to the arbitration procedure of the Exchange.

In July 1990 Bennett filed a Demand for Arbitration with the AAA alleging that Bear Stearns had mismanaged his account. Although Bennett made his demand pursuant to his Customer Agreement, and perforce the AMEX rules, he filed the demand in Florida and sought arbitration in the City of Naples. Relying upon the above-quoted provisions of the Agreement and Constitution, Bear Stearns filed a petition in the Southern District of New York to compel arbitration in New York City. Al-

though Bennett's counsel conceded in the court below that Bear Stearns had not waived its claim that the proper venue is New York City, he disputed Bear Stearns's claim on the merits and moved to dismiss the petition. The district court granted the motion, holding in substance that the hearing venue was a procedural matter to be determined by the AAA, not the court. We believe that the clear and explicit contractual terms at issue herein cannot be disregarded so readily.

In the almost two decades that have elapsed since the Supreme Court decided *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the prima facie validity of forum-selection clauses has been recognized consistently by both the Supreme Court and this court. *See, e.g., Carnival Cruise Lines, Inc. v. Eulala Shute,* — U.S. —, 111 S.Ct. 1522, 1526–29, 113 L.Ed.2d 622 (1991); *Karl Koch Erecting Co. v. New York Convention Center Dev. Corp.*, 838 F.2d 656, 659–60 (2d Cir.1988); *Bense v. Interstate Battery Sys. of Am., Inc.*, 683 F.2d 718, 720–22 (2d Cir.1982). Of particular significance in the instant case is the fact that the *Bremen* holding has been applied to forum-selection provisions in arbitration agreements. *See, e.g., Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974), where the Court, citing *Bremen*, held enforceable a provision in a sales contract between an American manufacturer and a European businessman calling for arbitration of disputes before the International Chamber of Commerce in Paris. *Id.* at 518–21, 94 S.Ct. at 2456–58. In the words of Justice Stewart who wrote for the majority,

> An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute.

*Id.* at 519, 94 S.Ct. at 2457.

The "situs of suit" in the instant case is the City of New York. We already have construed the phrase "in the City of New York" as used in the AMEX Window as a forum-selection clause. *PaineWebber, Inc. v. Rutherford*, 903 F.2d 106, 108–09 (2d Cir.1990). Moreover, if we were to interpret the phrase de novo without regard to the doctrine of stare decisis, we would reach the same result. *See, e.g., Sterling Forest Assocs., Ltd. v. Barnett–Range Corp.*, 840 F.2d 249, 251–52 (4th Cir.1988). "Where, as here, the contract's language admits of only one reasonable interpretation, the court need not look to extrinsic evidence of the parties' intent or to rules of construction to ascertain the contract's meaning." *American Home Prods. Corp. v. Liberty Mut. Ins. Co.*, 748 F.2d 760, 765 (2d Cir.1984).

We reject Bennett's argument that the "situs of suit" should be determined by the arbitrators or the AAA rather than by the district court. Where there is a valid agreement for arbitration, Congress has directed the district courts to order that arbitration proceed "in accordance with the terms of the agreement." 9 U.S.C. § 4. The obligation thus imposed has been reiterated by the courts on numerous occasions. *See, e.g., AT & T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648–49, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Georgiadis*, 903 F.2d 109, 111–13 (2d Cir.1990).

We vacate the judgment of dismissal and remand to the district court with instructions to grant Bear Stearns's petition.