**PRUDENTIAL SECURITIES, INC. ("PSI"), formerly Prudential Bache Securities, Inc., Plaintiff,**

v.

**John E. and Helen T. THOMAS, Defendants.**

**No. 91–2830–TUA.**

United States District Court, W.D. Tennessee, W.D.

March 27, 1992.

Jennifer W. Sammons, Memphis, Tenn., for plaintiff.

Martin H. Aussenberg, Memphis, Tenn., for defendants.

## ORDER GRANTING MOTION TO DISMISS COMPLAINT

JEROME TURNER, District Judge.

The defendants move to dismiss the complaint, which seeks to preclude arbitration before the American Arbitration Association ("AAA") in Nashville, on the bases

that: (1) Prudential Securities, Inc. ("PSI") has waived its right to litigate issues pertaining to the locale of the arbitration proceedings in this matter, and (2) the complaint fails to state a claim upon which relief can be granted.[1] In 1989, the defendants opened a stock trading margin account with PSI. The two parties entered into a Client's Agreement which provided in part:

> Any controversy arising out of or relating to my account, to transactions with or for me or to this Agreement or the breach thereof, ... shall be settled by arbitration in accordance with the rules then obtaining of either the NASD, AMEX or the Board of Governors of the New York Stock Exchange as I may elect....

(Client's Agreement, paragraph 15; Complaint, Exhibit A).

A dispute has arisen as to whether a deficiency balance is owed by defendants on the account or whether PSI is indebted to the defendants.

■ The defendants filed a demand for arbitration in Nashville with the AAA. The selection of the AAA was made by defendants' use of the so-called AMEX window, a provision in the Constitution of the American Stock Exchange ("AMEX"). Article VIII, Section 2(c), of the Constitution of the American Stock Exchange, the Amex window, provides in part:

> Arbitration shall be conducted under the arbitration procedures of this Exchange, except as follows:
>
> (c) if any of the parties to a controversy is a customer, the customer may elect to arbitrate before the American Arbitration Association in the City of New York, unless the customer has expressly agreed, in writing, to submit only to the arbitration procedures of the Exchange.

Plaintiff contends in this suit that the defendants are precluded from arbitrating under the rules of the AAA because the AMEX window only allows AAA arbitra-

---

**1.** The parties have jointly submitted a set of stipulated documents and facts in support of their various positions. The motion is therefore treated as one for summary judgment. *Fed. R.Civ.P.* 12(b)(6).

tion if the parties have no arbitration agreement which provides for arbitration under the rules of any exchange. Plaintiff cites *Luckie v. Smith Barney, Harris Upham & Co., Inc.,* 766 F.Supp. 1116 (M.D.Fla.1991), as well as *PaineWebber, Inc. v. Rutherford,* 903 F.2d 106 (2d Cir. 1990), and *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Georgiadis,* 903 F.2d 109 (2d Cir.1990). For the reasons fully set forth in *Joseph v. Prudential Bache Securities, Inc.,* Fed.Sec.L.Rep. (CCH) ¶ 96,184 (Cir.Court, Orange County, Fla. May 1, 1991), this court concludes that the language of Article VIII, Section 2(c) of the AMEX Constitution does not preclude arbitration under the rules of the AAA. The word "Exchange" cannot reasonably be construed to refer to any exchange other than the American Stock Exchange given that word's definition in the AMEX Constitution.

In any event, the construction of "Exchange" is immaterial in this case because in plaintiff's pleadings, it concedes that the defendants are entitled to select the AAA as the arbitration body. *See* ¶ 14 of the Complaint and ¶ 15 of the Amended Complaint and the Second Amended Complaint. PSI also appears to have taken this position with the AAA itself according to a letter produced by the defendants to which no objection has been made. Under these circumstances any argument that plaintiff might have that the AAA is not an available forum under the Client's Agreement and the AMEX Constitution has been waived and is no longer viable.

■ Plaintiff also contends in its complaint that under Section 2(c) of Article VIII of the AMEX Constitution, the AAA can only be selected as the arbitrating body if the arbitration is held in New York City. Plaintiff seeks in this suit (1) to obtain a stay of the arbitration proceedings in the Nashville office of the AAA pending the court's ruling, (2) to have the court declare whether the Case Administrator has the right to rule on the proper arbitration situs, (3) to declare the proper situs for arbitra-

tion, and (4) to compel arbitration in New York City.

Defendants argue that the complaint must be dismissed because it fails to state a claim upon which relief can be granted in that the defendants are entitled as a matter of law to proceed to arbitration before the AAA in Nashville under the terms of the parties' arbitration agreement. The AMEX window, defendants contend, is not a venue requirement that binds the parties to arbitrate in New York but simply a geographical description used to identify the AAA. Defendants acknowledge that this issue has been litigated in other jurisdictions with disparate results. They contend that the better reasoned decisions should control and they rely on *Joseph,* Fed.Sec. L.Rep. (CCH) ¶ 96,184 at 90,991. In *Joseph* the customer sought a declaratory judgment that she was entitled to arbitrate her claims against the brokerage house before the AAA in Orlando and not in New York. The pertinent portion of the arbitration agreement in that case is identical to the arbitration agreement in the case *sub judice.* The *Joseph* court concluded that the interpretation of the phrase "in the City of New York" should be left to the decision of the arbitration association chosen by the parties in their written agreement. The court notes that both the AMEX and the AAA have taken the position that this phrase is not a venue provision. The court held that the language should not be "read as a forum/venue selection clause in light of the respective internal positions of the AMEX and the AAA. . . ." *Id.* at 90,994.

A contrary result was reached in *Bear, Stearns & Co., Inc. v. Bennett,* 938 F.2d 31 (2d Cir.1991), in which the Second Circuit disagreed with the district court's holding that the arbitration association should be allowed to decide the situs of the arbitration. The circuit court held that Congress requires the district court to order that the arbitration proceed "in accordance with the terms of the agreement." 9 U.S.C. § 4. On that basis the court ordered that Bear, Stearns' petition to compel arbitration in New York City be granted.[2]

---

**2.** Title 9 U.S.C. § 4 contains conflicting require-    ments which did not arise in *Bear, Stearns.*

In *PaineWebber, Inc. v. Ruther-ford*, 903 F.2d 106 (2d Cir.1990), the court held that the language "in the City of New York" was unambiguous and was not a geographic description, but was a forum selection clause. The court noted that its opinion differed from that adopted by the AMEX, whose Constitution contains the language, and by the AAA, but concluded that if AMEX doesn't agree, it can change the language. The holding was reiterated in *Bear, Stearns & Co., Inc. v. Bennett, supra*, which held that the language "in the City of New York," admits of only one interpretation; it determines the forum of the AAA arbitration. The *Bear, Stearns* court therefore refused to consider the extrinsic evidence relative to the opinions of the AMEX and the AAA.[3]

In this case, the Client's Agreement contains the agreement of the parties that:

Any controversy arising out of or relating to my account ... or to this Agreement ... shall be settled by arbitration in accordance with the rules then obtaining of [the AAA]....

That section provides for the district court to order the parties "to proceed to arbitration in accordance with the terms of the agreement." However, language in the same section provides:

The hearing and the proceedings, under such [arbitration] agreement, shall be within the district in which the petition for an order directing such arbitration is filed.

On the basis of that language the defendants conclude that this court cannot order arbitration anywhere other than in the Western District of Tennessee. They rely on *Econo–Car Intern., Inc., v. Antilles Car Rentals, Inc.*, 499 F.2d 1391 (3d Cir.1974); *see also Snyder v. Smith*, 736 F.2d 409 (7th Cir.), *cert. denied*, 469 U.S. 1037, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984). Defendants insist that the plaintiff, when it filed the instant petition, elected to arbitrate in this district and waived any right it otherwise had to seek arbitration in New York. Thus, if the court follows the literal language of the statute which requires that the proceedings shall be within this district, this court cannot order the arbitration to take place in New York even if the court concludes that the language "in the City of New York" is a forum selection clause that is binding on the parties.

That problem was not addressed in *Bear, Stearns* because the court was a Southern District of New York court. Thus it could order arbitration in the district in which the petition

The parties concede that the AAA has been selected as the arbitration association to resolve their disputes. No valid reason has been advanced why the AAA should not, in accordance with the agreement of the parties, resolve the controversy that has arisen between them as to the proper venue of the arbitration proceedings. The controversy concerning the venue of the arbitration is clearly one that relates to the account and to the parties' agreement and therefore is one that should be settled by the arbitration association.

Rule 11 of the AAA states:

FIXING OF LOCALE

The parties may mutually agree on the locale where the arbitration is to be held. If any party requests that the hearing be held in a specific locale and the other party files no objection thereto within ten days after notice of the request has been mailed to it by the AAA, the locale shall be the one requested. If a party objects to the locale requested by the other party, the AAA shall have the power to determine the locale and its decision shall be final and binding.

was filed (New York) and, without conflict, still interpret the AMEX window as a forum clause which required arbitration in New York City.

**3.** This court does not, however, believe that the language in question is so clear that it admits of only one interpretation. Both the geographic description and the forum selection explanations are reasonable constructions of the language of the AMEX constitutional clause. The language is thus ambiguous. The decision as to which interpretation was intended is subject to the consideration of extrinsic evidence. The record in this case reflects that the AMEX has taken the position that this language is merely descriptive of the AAA by geographical location. Moreover, the AMEX has sought to have the language "in the City of New York" deleted by a proposed rule change filed with the Securities and Exchange Commission. To date, however, the Commission has not issued an order approving the proposed rule change. Since the provision in question was written and adopted by the AMEX, this court would find that the interpretation of that language by the AMEX is entitled to substantial weight and conclude that the language is not intended to act as a venue selection clause, but as a description of the AAA by location. Because the court concludes that the AAA is the proper body to determine the dispute of the parties regarding the phrase "in the City of New York," this conclusion is not controlling.

If the AAA determines that the parties have, by reference to the AMEX window, agreed on a specific locale for the arbitration hearings, no doubt it will so hold.[4]

I therefore conclude as a matter of law that the agreement of the parties provides that the chosen arbitration association is the proper entity to determine whether the parties have agreed on a location for the arbitration proceedings and, if not, to determine that location under its Rule 11. Given the undisputed facts and this conclusion of law, the defendants are entitled to a judgment of dismissal.

The motion to dismiss, treated as a motion for summary judgment, is granted and judgment of dismissal shall be entered accordingly.

IT IS SO ORDERED.

---

**4.** The AAA has apparently taken the general position in its May 1988 Supplement # 7, Commercial Manual, that the AMEX window does not constitute a forum selection agreement. However, the parties have not submitted an authenticated copy of that portion of the Commercial Manual. According to the parties, the AAA in this particular case has already determined that this arbitration will be held in Memphis.