[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Frances Tomkinson, filed a one count complaint seeking a declaratory judgment compelling arbitration pursuant to Article VIII § 2 of the constitution of the American Stock Exchange against the defendants Dean Witter Reynolds, Inc. (Dean Witter) and Robert J. Fiorito. The defendants filed an application for a temporary injunction (#102; #103) on the ground that Connecticut is an improper venue for the arbitration. In their counterclaim, in which the defendants seek a temporary and permanent injunction, the defendants allege that the language of the so-called "AMEX window" restricts the arbitration to the City of New York.
At issue in this application for a temporary injunction is the interpretation of the language in the AMEX window regarding the venue for arbitration. The defendants contend that the language contained in the AMEX window requires that the arbitration take place before the American Arbitration Association (AAA) in New York City. The plaintiff argues that the rules of the AAA should control in determining the venue of the arbitration, and that the CT Page 8971 language in the Amex window is not a venue setting provision.
Article VIII § 2(c) provides that "[i]f any of the parties to a controversy is a customer, the customer may elect to arbitrate before the American Arbitration Association in the City of New York
unless the customer has expressly agreed, in writing, to submit only to the arbitration procedures of the Exchange." (Emphasis added.) "This provision of the AMEX constitution is what is known as the `Amex Window.'" PaineWebber, Inc. v. American ArbitrationAssociation, 217 Conn. 182, 189, 585 A.2d 654 (1991). The Connecticut Supreme Court in that case recognized that an issue existed as to venue under the AMEX window, but declined to decide the issue because the claim was not raised in the trial court and had not been adequately briefed by the plaintiff. PaineWebber,
Id., 189, n. 12.
The language referred to above has been frequently interpreted in the federal courts, resulting in a distinct split of authority. The first line of cases defers to the AAA's interpretation of the language in that "the reference to New York is not a venue setting provision, but merely a descriptive or geographical reference intended to denote the national headquarters of the AAA." Wade v.Prudential Securities, Inc., Fed. Sec. L. Rptr. (CCH) 98, 117 (N.D. Cal., February 11, 1994). In Prudential Securities, Inc. v.Thomas, 793 F. Sup. 764, 767-68 (W.D. Tenn. 1992), the court determined that the language of the Amex window is ambiguous, and that therefore the AAA should determine the proper venue. The court in Joseph v. Prudential Bache Securities, Inc., Fed. Sec. L. Rptr. (CCH) 96,184 (Fla. Cir., May 1, 1991), stated that the language was not a venue selection clause because of the position of the AMEX and the AAA, and that if it were a venue selection clause, the AAA has the authority to decide whether that venue is fixed or transferable to a more practical location.
The contrary line of cases has interpreted "in the City of New York" as an unambiguous forum selection clause, despite the interpretation given by the AAA and AMEX. See Bear, Stearns Co.v. Bennett, 938 F.2d 31, 32 (2d Cir. 1991); PaineWebber, Inc. v.Rutherford, 903 F.2d 106, 108-09 (2d Cir. 1990); Smith Barney.Harris Upham Co. v. Garfield, Fed. Sec. L. Rptr. (CCH) 97,225 (S.D.N.Y., November 23, 1992); PaineWebber, Inc. v. Pitchford,721 F. Sup. 542, 550-51 (S.D.N.Y. 1989). Furthermore, in Rutherford
the court stated that "[t]he argument that `in the City of New York' is descriptive is undermined by the fact that, at all relevant times, there was only one American Arbitration CT Page 8972 Association. The geographic reference is superfluous if not a forum selection clause . . . . In essence the [plaintiffs] invite us to read `in the City of New York' as `of the City of New York.'" (Citation omitted; emphasis in original.) PaineWebber, Inc. v.Rutherford, supra, 109.
The language "in the City of New York' is clear and unambiguous and "[w]hen the intention conveyed by the terms of an agreement is `clear and unambiguous, there is no room for construction.'" Levine v. Massey, 232 Conn. 272, 278, 654 A.2d 737
(1995). The line of cases which interpret the language of the AMEX window as selecting New York City as the forum for arbitration is more persuasive. Accordingly, the defendants' application for a temporary injunction enjoining the plaintiff from prosecuting her claim in Connecticut is granted.