POLEN, Judge.
Richard Fahnestock and George Karibjani-an, co-personal representatives of the estate of Valerie Fahnestock (the Estate), appeal two orders determining the Estate must pursue arbitration of its disputes with Dean Witter Reynolds, Inc. (Dean Witter) and a Dean Witter employee, William Katz, in the City of New York. We reverse the orders to the extent they set venue in the City of New York, and remand with directions that the issue of venue be submitted to the American Arbitration Association (AAA) for decision, along with the merits of the dispute. As to Katz’s cross-appeal, we affirm the trial court’s determination Katz is required to arbitrate. Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Melamed, 453 So.2d 858 (Fla. 4th DCA 1984); Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980); Brown v. Dean Witter Reynolds, Inc., 601 F.Supp. 641 (S.D.Fla.1985).
This dispute arose when the Estate filed a complaint pursuant to section 4 of the Federal Arbitration Act (FAA), 9 U.S.C. § 4, seeking to compel Dean Witter and William Katz to submit to arbitration before the AAA pursuant to Article VIII, section 2(c) of the Constitution of the American Stock Exchange: the “AMEX Window.” This section provides:
Arbitration Forum
Sec. 2. Arbitration shall be conducted under the arbitration procedures of this Exchange, except as follows:
[[Image here]]
(e) if any of the parties to a controversy is a customer, the customer may elect to arbitrate before the American Arbitration Association in the City of New York, unless the customer has expressly agreed, in writing, to submit only to the arbitration procedure of the Exchange.
Dean Witter answered and agreed to arbitration before the AAA; however, it argued the AMEX Window required arbitration be conducted in the City of New York. Katz argued he was not a member of the AMEX and in the absence of a written agreement, the AMEX Window did not apply to him.
The trial court determined Dean Witter and Katz were compelled to arbitrate before the AAA; however, it determined such arbitration must be conducted in the City of New York, interpreting “in the City of New York,” as contained in Article VIII, section 2(c) of the AMEX Constitution as a venue setting provision.
No Florida state appellate court has addressed the precise issue presented by this appeal. Of the federal courts addressing this issue, decisions are in conflict. The Second Circuit has consistently held the phrase “in the City of New York” is a venue setting provision. Bear, Stearns & Co. v. Bennett, 938 F.2d 31 (2d Cir.1991); PaineWebber, Inc. v. Rutherford, 903 F.2d 106 (2d Cir.1990).[1] In Rutherford the court recognized the AAA and AMEX both took the position the subject language was not a venue setting provision. Nevertheless, the court noted it was guided by the principle that extrinsic evidence may not be resorted to for the purpose of altering contractual terms that, standing alone, are unambiguous. Id. at 108-109. It rejected an argument suggesting the subject phrase was merely descriptive of the headquarters of the AAA, and reasoned because there was only one AAA, the inclusion of this phrase in section 2(c) of Article VIII would be superfluous if not a forum selection clause. Id. at 109.
The Rutherford court noted conflict with, and refused to follow, the one previous opinion addressing this issue, Boudreau v. L.F. Rothschild & Co., No. 89-250-CIV-ORL-18, 1990 W.L. 81861 (M.D.Fla. Feb.23, 1990). Faced with the identical issue presented here, the court in Boudreau ultimately avoided many of the same arguments raised by the Estate in the instant appeal, and held the *511 arbitrators, not the court, should set the site of arbitration. It based its decision, in part, on John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964) (noting once it is determined the parties are obligated to arbitrate, procedural questions should be left to the arbitrator). Boudreau, 1990 WL 81861 at *2.
Another opinion often cited by those wishing to set venue under the AMEX Window at a location other than the City of New York is Prudential Securities, Inc. v. Thomas, 793 F.Supp. 764 (W.D.Tenn.1992). In Thomas the court ultimately avoided interpreting the subject phrase, much like the court in Bou-dreau, by deciding the venue question should be resolved by the arbitrators. The Thomas court noted its belief both the geographic description and the forum selection interpretations of the subject phrase were reasonable. constructions, therefore the phrase was ambiguous. Id. at 767 n. 3. It concluded the client’s agreement controlled the question, and expressly provided any controversy related to the account “shall be settled by arbitration in accordance with the rules then obtaining of [the AAA].” Id. at 767.
We agree with the reasoning expressed by the combs in Boudreau and Thomas, and hold the AAA arbitrators, and not the courts, are the proper arbiters to decide the procedural matter of venue. Our decision finds support not only in Boudreau and Thomas, but also in the reasoning expressed by this court in Wylie v. Investment Management Research, Inc., 629 So.2d 898 (Fla. 4th DCA 1993). Wylie concerned the question of whether a statute of limitations defense should be determined by the court or the arbitrators, where the right to arbitration of the claim was protected by the United States Arbitration Act. Id. at 899. Following a review of case law illustrating the split of authority on this question, this court decided the issue as the Eleventh Circuit had, relying in part on the Supreme Court’s holding in John Wiley & Sons that procedural questions arising from an arbitrable controversy are for the arbitrators to decide. Id. at 900.
Based on Boudreau and Thomas, the judgments on appeal are reversed with directions the issue of venue be submitted to the AAA arbitrators for decision.
PARIENTE, J., and TAYLOR, CAROLE Y., Associate Judge, concur.

. We are aware of one state court outside of New York deciding this issue similarly. Tomkinson v. Dean Witter Reynolds, Inc., No. CV 95-0143070, 1995 WL 470621 (Conn.Super.Ct. Aug. 1, 1995).