[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 16, 2004
THOMAS K. KAHN
CLERK

No. 03-15745

D. C. Docket No. 03-80395-CV-DMM

STERLING FINANCIAL INVESTMENT GROUP, INC.,

Plaintiff-Appellee,

versus

BERNARD D. HAMMER,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(December 16, 2004)**

Before BARKETT, HULL and COX, Circuit Judges.

COX, Circuit Judge:

## I. INTRODUCTION

Bernard D. Hammer appeals an order entered by the district court in the Southern District of Florida granting Sterling Financial Investment Group Inc.'s motion to stay arbitration in Houston, Texas and compel arbitration in Boca Raton, Florida. We conclude that the district court properly exercised jurisdiction in this case pursuant to section 4 of the Federal Arbitration Act, 9 U.S.C. § 4 (2004). Accordingly, we affirm.

## II. BACKGROUND & PROCEDURAL HISTORY

Bernard Hammer, a stockbroker at Morgan Stanley/Dean Witter in Beaumont, Texas, was approached by the Sterling Financial Investment Group, Inc. about possible employment at Sterling's headquarters in Boca Raton, Florida. After several months of negotiations, Hammer accepted Sterling's offer to work as their nationwide supervisor for recruitment of brokers. He resigned his position at Morgan Stanley/Dean Witter in Texas, relocated to Florida, and began working for Sterling in September of 2001.

Hammer entered into two agreements with Sterling in October of 2001, an Employment Agreement and a Representative Agreement. The Employment Agreement states that Hammer is an "at will" employee of Sterling. And, the

Employment Agreement contains an arbitration agreement with a forum selection clause, which provides that:

> The parties agree that any claim or controversy concerning the terms, conditions or application of this Agreement shall be subject to arbitration pursuant to the National Association of Securities Dealers, Inc. in Boca Raton, Florida.

(R.-1 at Ex. A, ¶ 11.) The Employment Agreement further provides that it "shall be construed, and the validity, performance and enhancement thereof, shall be governed by the laws of the State of Florida." (*Id*. at ¶ 5.) Similarly, the Representative Agreement contains an arbitration agreement with a forum selection clause, which provides that:

> Any disputes between the parties hereto shall be submitted to binding arbitration before the National Association of Securities Dealers with venue being in the State of Florida.

(R.-1 at Ex. B, ¶ 14.) The Representative Agreement also states that it "shall be construed in accordance with and shall be governed by the laws of the State of Florida." (*Id*. at ¶ 13.)

Not long after beginning his new job, Hammer was fired. Sterling claims that Hammer's job performance was unsatisfactory. Hammer claims that he was not provided with sufficient support staff, office or telephone arrangements, and that there was confusion at Sterling about his position and his responsibilities. Hammer

returned to Texas and, in February 2003, commenced arbitration proceedings against the company. Hammer filed a Statement of Claim against Sterling with the National Association of Securities Dealers (NASD), asserting claims for fraudulent inducement and quasi contract, breach of contract and promissory estoppel, and "other claims under statutory and common law." (R.-1 at Ex. C.) Hammer asked that the arbitration be assigned to a panel in Houston, Texas. Sterling objected to the Texas venue and asked that the NASD transfer venue to Florida. The NASD denied Sterling's request, and referred the motion to an arbitration panel in Houston, Texas.

Sterling filed a motion in the United States District Court for the Southern District of Florida, seeking to stay the Texas arbitration and compel arbitration in Florida. The district court granted Sterling's motion, and Hammer appeals.

## III.  ISSUE ON APPEAL AND STANDARD OF REVIEW

We must determine whether the district court properly enjoined arbitration in Houston, Texas and compelled arbitration in Boca Raton, Florida. We review the district court's decision de novo. *Employers Ins. of Wausau v. Bright Metal Specialties, Inc.,* 251 F.3d 1316, 1321 (11th Cir. 2001).

## IV.  CONTENTIONS OF THE PARTIES

Hammer contends that the district court improperly enjoined the arbitration and improperly reversed the venue determination made in arbitration. According to

4

Hammer, since both parties agree that arbitration is appropriate, all decisions -- including a decision about venue -- should be made by the arbitrators. Hammer's position is bolstered by rule 10315 of the NASD's Code of Arbitration Procedure, which states that "[t]he Director shall determine the time and place of the first meeting of the arbitration panel and the parties." NASD Code of Arbitration Procedure § 10315 (2003). The rule further provides that "[t]he arbitrators shall determine the time and place for all subsequent meetings. . . ." *Id*. Hammer asserts that it is inappropriate for federal courts to micro-manage the vast array of issues which arise in arbitration proceedings.

Sterling contends that the district court had the authority under the Federal Arbitration Act to enforce the terms of the Employment and Representative agreements. According to Sterling, the mere fact that both parties consent to arbitration does not divest a federal court of jurisdiction to enforce forum selection and choice of law clauses in the parties' agreements.

## V. DISCUSSION

We begin our discussion with section 4 of the Federal Arbitration Act, which provides that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such

5

> arbitration proceed **in the manner provided for in such agreement**. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, **the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.** The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.

9 U.S.C. § 4 (emphasis added). Despite Hammer's assertion that a federal court may only review an arbitration proceeding after it has concluded, the plain language of the statute indicates otherwise. We therefore hold that a federal district court, pursuant to 9 U.S.C. § 4, has jurisdiction to enforce a forum selection clause in a valid arbitration agreement that has been disregarded by the arbitrators.

The Second Circuit reached the same conclusion in *Bear, Stearns & Co. v. Bennett,* 938 F.2d 31 (2d Cir. 1991). In *Bennett*, a Florida resident filed a demand to have his dispute with Bear Stearns arbitrated in Naples, Florida. Bear Stearns, relying upon the parties' Customer Agreement, filed a petition in the Southern District of New York to compel arbitration in New York City. The Second Circuit rejected Bennett's argument that the "situs of suit" should be determined by the arbitrators rather than by the district court. *Id*. at 32. The court found that the parties had agreed on New York as the venue for arbitration, and "[w]here there is a valid agreement for

6

arbitration, Congress has directed the district courts to order that arbitration proceed 'in accordance with the terms of the agreement.'" *Id*. (citing 9 U.S.C. § 4).

Hammer, however, asserts that there was no valid agreement for arbitration in his case as he was fraudulently induced to work at Sterling. Hammer's fraudulent inducement claim is based on alleged misrepresentations made while Hammer was still in Texas, prior to his move to Florida. Thus, according to Hammer, we should apply the principle from Texas law that one cannot assert a venue clause from a contract in a case involving improper inducement to enter into that contract. *Busse v. Pac, Cattle Feeding Fund*, 896 S.W. 2d 807, 813 (Tex. App. 1995) ("Where the wrongs arise from misrepresentations inducing a party to execute the contract and not from breach of the contract, remedies and limitations specified by the contract do not apply.").

While Hammer's Statement of Claim does contain a count for fraudulent inducement, Hammer never argued in the district court that his claim for fraudulent inducement rendered the forum selection clauses or the choice of law clauses in the agreements invalid. The law in our circuit is clear that "arguments not presented in the district court will not be considered for the first time on appeal." *Mills v. Singletary*, 63 F.3d 999, 1008, n. 11 (11th Cir. 1995) (*citing Lancaster v. Newsome,*

7

880 F.2d 362, 371 (11th Cir. 1989)). We therefore decline to consider Hammer's new argument.

## VI.  CONCLUSION

The district court properly exercised its jurisdiction pursuant to section 4 of the Federal Arbitration Act in staying arbitration in Houston, Texas and compelling arbitration in Boca Raton, Florida. The order of the district court is, therefore, affirmed.

AFFIRMED.