[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16953

_____

D. C. Docket Nos.
05-60566-CV-DTKH
01-24693-BKC-RB

In Re:   GREEN ISLE PARTNERS LTD, S.E.,

Debtor.

_____

AMBROSIA COAL & CONSTRUCTION,

Plaintiff-Appellant,

versus

RECP SAN JUAN INVESTORS, LLC,
OFFICIAL COMMITTEE OF UNSECURED CREDITORS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 28, 2006)**

Before PRYOR, FAY and REAVLEY,[*] Circuit Judges.

PER CURIAM:

Ambrosia Coal & Construction Company ("Ambrosia") appeals the order of the district court that affirmed the findings of fact and conclusions of law of the bankruptcy court regarding its claim against the debtor, Green Isle Partners Ltd., S.E. ("Green Isle"), based on an extant lawsuit in which Ambrosia was attempting to rescind several agreements on the ground of fraud. Green Isle was purchased out of bankruptcy by its largest creditor RECP San Juan Investors, LLC, which now litigates on its behalf. We affirm.

"As the second court of review of a bankruptcy matter, the Court of Appeals reviews the district court's decision entirely <u>de novo</u>," reviewing the findings of fact of the bankruptcy court for clear error and the legal conclusions of the bankruptcy court <u>de novo</u>. <u>In re Gamble</u>, 168 F.3d 442, 444 (11th Cir. 1994).

At oral argument, counsel for Ambrosia conceded that Ambrosia failed to raise in the district court and, therefore, waived any appeal of the final order of the bankruptcy court that dismissed its RICO claims, its claim for damages based on an unconsummated 1999 agreement, its conspiracy claim, and its tortiuous interference claim. <u>See</u> <u>Sterling Fin. Inv. Group, Inc. v. Hammer</u>, 393 F.3d 1223,

---

[*] Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth Circuit, sitting by designation.

1226 (11th Cir.2004).

Ambrosia appealed only two aspects of the order of the bankruptcy court to the district court and we address those issues.  First, Ambrosia argues that the bankruptcy court misapplied the law of Puerto Rico regarding its dolo claims. Second, Ambrosia argues that the bankruptcy court  erred by adopting verbatim the proposed findings of fact and conclusions of law proffered by RECP.

The bankruptcy court concluded that Ambrosia could not state a claim for dolo against Green Isle based on the 1994 settlement agreement because Green Isle was not a party to the contract.  Ambrosia contends that the bankruptcy court misapplied Puerto Rico law, but we agree with the bankruptcy court.  The Puerto Rico Civil Code provides that a claim for dolo arises from the "words or insidious machinations on the part of one of the contracting parties" or from the parties' failure to "fulfil[] their [contractual] obligations."  31 L.P.R.A. § § 3408, 3018. Therefore, a claim for dolo may only be brought against a party to the contract. See IV JOSE RAMON VALES TORRES, CURSO DE DERECHO CIVIL 58 (1990). "[D]olo induced by an employee or representative of a contracting party" may also give rise to claim, Ocaso, S.A. Compania de Seguros y Reaseguros v. Puerto Rico Maritime Shipping Authority, 915 F.Supp. 1244, 1257 n.6 (D.P.R. 1996), but there is no evidence that Pages signed the settlement as a representative of Green Isle.

3

Because we agree with the bankruptcy court that Ambrosia cannot state a dolo claim against Green Isle as a matter of Puerto Rico law, we will not address the alternative ground regarding the statute of limitations.

Second, Ambrosia argues that the bankruptcy court committed reversible error when it adopted verbatim the proposed findings of fact and conclusions of law of Green Isle.  This argument fails.   Although we have condemned the practice of adopting a party's proposed order verbatim because of the "temptation to overreach and exaggerate,"  In re Colony Square Co., 819 F.2d 272, 275 (11th Cir. 1987), "such orders will be vacated only if a party can demonstrate that the process by which the judge arrived at them was 'fundamentally unfair.'"  In re Dixie Broadcasting, Inc., 871 F.2d 11`023, 1030 (11th Cir. 1989).  The bankruptcy court allowed both parties to submit proposed findings of fact and conclusions of law.  Neither the legal conclusions nor findings of fact of the bankruptcy court are unsupported.

The order of the district court is **AFFIRMED**.