[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11313
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 12, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-00705-TWT

ALAVEN CONSUMER HEALTHCARE, INC.,
a Delaware corporation,

Plaintiff-Counter-Defendant-
Appellant,

versus

DRFLORAS, LLC,
a Delaware corporation,

Defendant-Counter-Claimant,
Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 12, 2010)

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

Appellant Alaven Consumer Healthcare, Inc. manufactures and sells non-prescription herbal supplements and intestinal cleanser products under the primary trademark Colonix and the house trademark DrNatura. Alaven sells its DrNatura-branded products directly to consumers over the internet. Appellee DrFlores, LLC manufactures and sells non-prescription herbal supplements and intestinal cleanser products under the mark DrFloras. DrFloras sells its products directly to consumers over the internet.

Alaven sued DrFloras, alleging trademark infringement under the Lanham Act, 15 U.S.C. § 1114, federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a), trademark dilution, and various state law claims. Alaven's trademark infringement and unfair competition claims were based on its allegations that defendant's "DrFloras" mark could likely cause confusion among consumers.

The district court granted DrFloras' motion for partial summary judgment, finding that Alaven's "DrNatura" mark and "DrFloras" were insufficiently similar to create triable issues of either trademark infringement or unfair competition. The district court dismissed Counts I, II, V, VI, VII, and IX of Alaven's Complaint.

The parties jointly moved to have the district court's summary judgment order certified for immediate appellate review pursuant to Fed. R. Civ. P. 54(b). In their motion, the parties stated that they wanted an immediate appeal to avoid the

possibility of "two disjointed trials," and that the outcome of this appeal would affect their desire to proceed with the pending false advertising claims. The district court granted the motion and certified this case under Rule 54(b).

Before us on appeal is the district court's grant of summary judgment on Count I (federal trademark infringement) and Count II (federal unfair competition and false designation of origin). Alaven argues that the district court erred 1) in determining the strength of Alaven's mark and in assessing the similarities between the marks; 2) in determining that "actual confusion" was a "most important" factor in assessing a competing mark's likelihood of confusion; 3) in determining that an inference of bad faith should not be drawn from DrFloras' actions; 4) by evaluating Alaven's count for federal unfair competition under the same rubric as the count for federal trademark infringement; and 5) in refusing to grant Alaven's request for Rule 56(f) discovery.

Trademark law only prohibits the use of a mark or name if, when used in connection with a third party's goods or services, the mark is likely to cause consumer confusion regarding the source, sponsorship, or origin of those services. *Frehling Enters., Inc. v. Int'l Select Group, Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999). In our circuit, "[a]lthough likelihood of confusion is a question of fact, it may

3

be decided as a matter of law." *Tana v. Dantanna's*, 611 F.3d 767, 775 n.7 (11th Cir. 2010) (citations omitted).

Alaven challenges the district judge's analysis. We do not vacate and remand an order granting summary judgment merely for an error in analysis, however. We will affirm if the result is correct. *See, e.g., Allen v. Bd. of Pub. Educ. of Bibb Cnty.*, 495 F.3d 1306, 1311 (11th Cir. 2007) (disagreeing with the district court's analysis, but affirming its grant of summary judgment ). After a review of the record, we agree with the district court's disposition of Alaven's claims because there is insufficient evidence of likelihood of confusion between the two marks to warrant trial. And, Alaven's argument that the district court should have evaluated Alaven's count for federal unfair competition under a different rubric than the count for federal trademark infringement is an issue that Alaven failed to raise in the district court.[1] "The law in our circuit is clear that 'arguments not presented in the district court will not be considered for the first time on appeal.'" *Sterling Fin. Inv. Grp., Inc. v. Hammer*, 393 F.3d 1223, 1226 (11th Cir. 2004) (quoting *Mills v. Singletary*, 63 F.3d 999, 1008 n.11 (11th Cir. 1995). Further, we find no abuse of discretion in the

---

[1] In its memorandum in support of its motion for partial summary judgment, DrFloras argued that the analyses were the same for trademark infringement and federal unfair competition. (R.2-9, Ex. 1, Memorandum of Law lat 10 n.5). Alaven failed to contend otherwise in its Response in Opposition to DrFloras' Motion (R.3-20), in its Supplement to Its Response in Opposition (R.4-21, Supplement), or in its Sur-Reply Brief (R.4-28, Sur-Reply Brief).

district court's denial of Alaven's motion for leave to conduct discovery under Rule 56(f).

AFFIRMED.