[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13357

Non-Argument Calendar

_____


DELROY T. BOOTH,

Plaintiff-Appellant,

*versus*

LIEUTENANT R. ALLEN,
Correctional Officer of Georgia Department of Corrections,
SERGEANT J. SMITH,
Correctional Officer of Georgia Department of Corrections,
COMMISSIONER, GEORGIA DEPARTMENT OF
CORRECTIONS,
WARDEN, HAYS STATE PRISON,

2                    Opinion of the Court                    20-13357

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 4:18-cv-00069-HLM

_____

Before WILSON, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Delroy T. Booth, proceeding pro se, appeals the dismissal of his complaint for failure to exhaust administrative remedies. On appeal, he argues that he was not required to exhaust administrative remedies because those remedies were unavailable to him. The defendants moved to dismiss the appeal for lack of jurisdiction because it was not timely filed. After careful review, we deny the defendants' motion to dismiss for lack of jurisdiction. However, we affirm the district court's dismissal of Booth's complaint. The district court did not err in finding that the prison's grievance process was available to Booth, but that he failed to exhaust his administrative remedies by filing a timely grievance.

I.

In March 2018, Booth initiated this action by filing a motion to proceed *in forma pauperis*. He attached to the motion his

complaint against Gregory Dozier, commissioner of the Department of Corrections (DOC); Kevin Sprayberry, the warden of Hays State Prison; a corrections officer identified as R. Allen; and an officer identified as J. Smith. Booth's complaint alleged that Smith and Allen used excessive force against him in violation of the Eighth Amendment during an incident on May 16, 2017, in which they pepper sprayed him and refused him medical care. He made several additional allegations, including that the prison staff refused him medical treatment after he was exposed to parasitic insects. With his motion and complaint, Booth attached a grievance form dated January 5, 2018. This document had a handwritten note at the top reading "Emergency grievance." He also attached a response dated January 16, 2018, which indicated that the grievance was rejected as untimely.

A magistrate judge submitted a report and recommendation that the case be dismissed without prejudice because Booth failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA). The magistrate judge concluded that the allegations in the complaint and the attached documents showed that Booth had failed to properly exhaust his administrative remedies because his grievance was not filed within the timeframe required by the DOC's grievance procedures.

Booth submitted a document styled "Motion to Alter the Judgment" in which he objected to the magistrate's report and recommendation. He argued that prison staff thwarted his ability to file grievances and thus the grievance process was unavailable to

him.  The district court found, however, that "nothing in [Booth's] Objections warrants rejecting the Final Report and Recommendation."  Booth filed a notice of appeal, motion for appointment of counsel, and an application to proceed *in forma pauperis*.  Finding that Booth was indigent and that the appeal was taken in good faith, the district court granted his motion to proceed *in forma pauperis* but denied appointment of counsel.

On appeal, we affirmed in part, vacated in part, and remanded in part.  *See Booth v. Allen*, 758 F. App'x 899, 902 (11th Cir. 2019) (per curiam).  As to Booth's claims regarding harm caused by an infestation of parasites, we affirmed the conclusion that he had not properly exhausted his available remedies because he did not plead that issue in his grievance.  *Id.* at 901.  As to Booth's claims that were included on the grievance form, we vacated and remanded, holding that the district court failed to consider Booth's claim that the grievance process was unavailable to him.  *Id.* at 902.  We directed that, on remand, the district court should consider Booth's remaining claims.  *Id.*

On remand, the defendants moved for dismissal based on Booth's failure to exhaust administrative remedies.  They submitted a declaration from Alisa Hammock Evans, the deputy warden of care and treatment at Hays.  She explained that the grievance procedure begins when an inmate submits a grievance form.  The form must be submitted within ten days from the date the inmate "knew, or should have known, of the facts giving rise to the grievance," although untimely filing can be excused for "good cause."

There is no requirement that any related disciplinary report be resolved before an inmate can file a grievance. After a grievance is accepted, there is an investigation and a report made by staff, which is reviewed by the grievance coordinator, who then makes a recommendation to the warden. The warden or their designee issues a written decision which is given to the inmate. If the inmate disagrees with the decision or does not receive a decision within the required time, the inmate may file an appeal.

The defendants also attached to their motion to dismiss a history of the grievances filed by Booth, showing that he filed grievances on June 14, 2017, November 30, 2019, and December 29, 2017. Finally, the defendants attached the decision rejecting Booth's appeal of his January 5, 2018 grievance. The decision was dated March 8, 2018, and included Booth's signature acknowledging receipt on March 29, 2018.

Booth opposed the defendants' motion, arguing again that he did not have access to the grievance process. He argued that grievance forms were not available to him, and that the prison had a policy of withholding disciplinary reports for more than ten days in order to prevent prisoners from filing grievances related to those reports.

The magistrate judge recommended that the court dismiss the case for failure to exhaust administrative remedies. Based on Evans's declaration—and based on the fact that Booth filed three grievances between the incident at issue here and the filing of his grievance related to it—the magistrate judge rejected the argument

that grievance forms were unavailable to Booth. Further, relying on Evans's declaration, the magistrate judge found that disciplinary reports were not required to file a grievance, and thus prison officials could not have thwarted Booth's access to the grievance process by withholding those reports. The district court adopted the magistrate's report and recommendation and dismissed the case, entering judgment on May 6, 2020.

On June 2, 2020, the district court received a letter from Booth dated May 26, 2020, and postmarked May 28, 2020, stating that he was "trying to find out if the ruling on [his] Notice of Appeal and *in forma pauperis* paperwork was granted so [he] can move on to the next phase in this civil action which would be the [C]ourt of Appeals for the Eleventh Circuit." On August 31, 2020, this court received Booth's notice of appeal, a motion to proceed on appeal *in forma pauperis*, and his brief. The notice of appeal, which was forwarded to the district court, was dated August 26, 2020, and postmarked August 28, 2020. The district court construed the letter as a motion for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5) and granted the motion. It also granted his motion to appeal *in forma pauperis*.

II.

On appeal, the defendants moved to dismiss the appeal for lack of jurisdiction, arguing that Booth's notice of appeal is untimely. Timely filing of a notice of appeal in a civil case is jurisdictional. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th

Cir. 2010). Therefore, we consider this argument before turning to the merits of Booth's appeal.

To be timely, notice of appeal must be filed within 30 days of the entry of the order or judgment appealed from. 28 U.S.C. § 2107(a). The time for filing can be extended as provided in Rule 4(a) of the Federal Rules of Appellate Procedure. *Green*, 606 F.3d at 1301–02. Rule 4(a)(5) allows the district court to extend the time for filing an additional 30 days beyond the time otherwise allowed if (1) a party so moves within 30 days after the expiration of the time allowed by Rule 4(a)(1), and (2) that party shows excusable neglect or good cause.

Rule 3 identifies the form and contents required of a notice of appeal. A document not strictly compliant with the requirements of Rule 3 may still be construed as a notice of appeal where it (1) serves as the functional equivalent of a notice of appeal and (2) makes it "objectively clear that a party intend[s] to appeal." *Rinaldo v. Corbett*, 256 F.3d 1276, 1278–79 (11th Cir. 2001) (quoting Fed. R. App. P. 3(c), 1993 Advisory Committee Notes).

A document is the functional equivalent of a notice of appeal where it satisfies the three-part requirement of Rule 3(c)(1). *Id.* Under that subsection, a notice of appeal must specify (1) the party taking the appeal, (2) the judgment or order appealed from, and (3) the court to which appeal is taken. Fed. R. App. P. 3(c)(1). The rule's requirements are to be liberally construed. *Rinaldo*, 256 F.3d at 1278. "[I]mperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what

judgment, to which appellate court." *Becker v. Montgomery*, 532 U.S. 757, 767 (2001).

If the document is the functional equivalent of a notice of appeal, we next determine whether the document makes it "objectively clear that a party intended to appeal." *Rinaldo*, 256 F.3d at 1279. This inquiry is objective in that it turns on the notice provided by the document, and not on the litigant's motivation in filing it. *Id.* We look to the record, including the parties' briefs, to determine the order that an appellant intended to appeal. *Nichols v. Ala. State Bar*, 815 F.3d 726, 731 (11th Cir. 2016) (per curiam).

Here, we have jurisdiction because Booth's letter to the district court, dated May 26, 2020, can be construed as a timely notice of appeal. On the first prong of the inquiry, the notice is the functional equivalent of a compliant notice of appeal. Booth's letter, on its face, includes the party appealing and the court appealed to. It does not indicate the order or judgment appealed from. But given its timing and context, there is "no genuine doubt" as to what order Booth intended to appeal. *See Becker*, 532 U.S. at 767. He intended to appeal the judgment immediately preceding the letter in the docket, which disposed of Booth's case, and which was entered fewer than 30 days before Booth sent the letter. *See id.*

Regarding the second prong, the defendants argue that because Booth's letter references his notice of appeal, he cannot have intended the letter itself to constitute a notice of appeal. But the inquiry is not whether Booth subjectively intended the document to be a notice of appeal. Rather, the question is whether the

document makes it objectively clear that he intended to appeal. *Rinaldo*, 256 F.3d at 1279. Booth's letter inquired whether the district court had ruled on his "notice of appeal and *in forma pauperis* paperwork . . . so [he could] move on to the next phase . . . which would be the [C]ourt of Appeals for the Eleventh Circuit." This language clearly indicates Booth's intent to appeal to this court. Therefore, we have jurisdiction.

## III.

We review de novo a district court's application of the PLRA's requirement that prisoners exhaust their available administrative remedies. *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005). However, when the district court, in order to determine whether a plaintiff exhausted administrative remedies, has to make findings of fact based on information outside the complaint, we review those findings for clear error. *Bryant v. Rich*, 530 F.3d 1368, 1377 (11th Cir. 2008). A factual finding is clearly erroneous if it leaves us with the definite and firm conviction that a mistake has been made. *Id.* If the district court's account of the evidence is plausible in light of the record in its entirety, it will not be reversed. *Anderson v. City of Bessemer*, 470 U.S. 564, 573–74 (1985).

The PLRA prohibits prison inmates from bringing cases in the federal courts under 42 U.S.C. § 1983 "with respect to prison conditions . . . until such administrative remedies as are available are exhausted." *Id.* § 1997e(a). Proper exhaustion of available remedies is a requirement of the statute which the district court has no

discretion to waive.  *Johnson*, 418 F.3d at 1155.  A grievance properly rejected by prison officials as untimely does not satisfy the requirement.  *Id.* at 1157.  However, an administrative remedy must be available to the inmate for it to be exhausted, and to be available, the remedy "must be capable of use for the accomplishment of its purpose."  *Turner v. Burnside*, 541 F.3d 1077, 1084 (11th Cir. 2008) (internal quotation mark omitted and alteration adopted).  Remedies that rational inmates cannot be expected to use are not available.  *Id.*  If no administrative remedy is available to a prisoner, the exhaustion requirement is lifted.  *Id.* at 1085.

Applying these standards here, the district court did not err in accepting the magistrate judge's conclusion that Booth failed to exhaust available administrative remedies before filing his complaint.  As to the availability of grievance forms, the magistrate judge noted that Booth filed three grievances unrelated to this action between the time that the incident at issue occurred and the date he filed the grievance related to it.  Based on this and other evidence, the magistrate judge found—and the district court agreed—that grievance forms were in fact available to him.  Because Booth offered no evidence to rebut this finding, nor to distinguish the grievances he was able to file from the one at issue here, we cannot say the finding was clearly erroneous.

As to the purported policy of intentionally withholding disciplinary reports for more than the ten-day period in which a prisoner may file a grievance, Booth concedes in his brief that he received the relevant disciplinary report at the latest in August 2017.

Thus, even assuming receipt of that report was required before he could file a grievance, his grievance filed in January 2018 was still outside the ten days allowed by DOC policy.

Finally, Booth argues that prison officials' failure to follow the DOC's procedures relating to emergency grievances rendered the grievance process unavailable to him. Because Booth failed to raise this argument in the district court, we do not address it. *Sterling Fin. Inv. Grp., Inc. v. Hammer*, 393 F.3d 1223, 1226 (11th Cir. 2004) (holding that "arguments not presented in the district court will not be considered for the first time on appeal").

In conclusion, because Booth has failed to show error by the district court on any issue presented, we affirm.

**AFFIRMED.**